IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x

SHAREHOLDER REPRESENTATIVE SERVICES LLC,

                  Plaintiff,

-against-

ORCHARD TECHNOLOGIES, INC.,

                  Defendant.

----------------------------------------------------------------------- X

Index No. _____

Hon. _____

**<u>VERIFIED COMPLAINT</u>**

Plaintiff Shareholder Representative Services LLC ("SRS" or "Plaintiff"), by and through its undersigned counsel, as and for its claims against defendant Orchard Technologies, Inc. ("Orchard"), alleges as follows:

## PARTIES

1. SRS is a Colorado limited liability company.

2. Orchard is a Delaware corporation headquartered in New York City.

## JURISDICTION AND VENUE

3. The Court has jurisdiction under 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to a forum-selection clause in the contract underlying this case. Specifically, Section 11.7(c) of the January 19, 2022, Agreement and Plan of Merger, by and among Loan Monkey, Inc. ("Loan Monkey"), Orchard, Polygon Acquisition Corporation ("Polygon"), and SRS, solely in its capacity as representative, agent and attorney-in-fact of the Securityholders (the "Merger Agreement"), provides that the parties to the Merger Agreement "irrevocably submit[] to the exclusive jurisdiction of the courts of the State of New York sitting in the Borough of Manhattan" and "irrevocably and unconditionally waive[] any

objection to the laying of venue of any action . . . in the state or federal courts of the United States located in the State of New York."

## STATEMENT OF FACTS

5. Pursuant to the Merger Agreement, Orchard acquired Loan Monkey through a merger with Orchard's Merger Sub, Polygon on January 21, 2022 (the "Closing Date").

6. Under the Merger Agreement, the security holders of Loan Monkey (the "Securityholders") were to receive consideration consisting of (1) cash and (2) fully vested shares of Orchard stock. SRS was party to the Merger Agreement "solely in its capacity as representative, agent and attorney-in-fact of the Securityholders" and was defined as the "Securityholder Representative."

7. The cash consideration payable to the Securityholders under the Merger Agreement was to be paid in three installments: (1) an "Upfront Cash Amount" to be paid on the Closing Date; (2) a "First Deferred Cash Amount" totaling $5.5 million, to be paid on the 12-month anniversary of the Closing Date; and (3) a "Second Deferred Cash Amount" totaling $2 million, to be paid on the 18-month anniversary of the Closing Date.

8. The Securityholders were paid the Upfront Cash Amount on January 21, 2022, at Closing. The Securityholders also timely received the stock consideration, as provided under the terms of the Merger Agreement.

9. However, Orchard has not paid the Securityholders the $5.5 million "First Deferred Cash Amount" due January 21, 2023. That delinquent $5.5 million Deferred Cash Amount, due and payable five months ago, remains outstanding and has been accruing interest daily at the "applicable Interest Rate," per annum, provided in the Merger Agreement and defined as follows: "The base or prime rate then published in The Wall Street Journal (i) plus 300 basis points, for the

first six (6) months that such Deferred Cash Amount remains unpaid, and (ii) plus 700 basis points, for any period greater than six (6) months that such Deferred Cash Amount remains unpaid," computed on the basis of a 360-day year and compounding quarterly. (Merger Agreement, Section 2.6(d)(iii).)

10.    On May 16, 2023, counsel representing SRS sent Orchard a letter entitled "Notice of Breach & Demand for Payment" ("Notice and Demand Letter"), demanding payment of the delinquent $5.5 million.  The Notice and Demand Letter also demanded payment of the contractually provided interest on that $5.5 million—which totaled $209,758, as of May 16, 2023, and has continued to accrue daily.

11.    In addition, the Notice and Demand Letter demanded that Orchard pay delinquent amounts owed to Sean Marsh and Christopher Russow under "Founder Employment Agreements," which were entered into concurrently with the execution of the Merger Agreement and which Orchard also is breaching, by refusing to honor its contractual payment obligations thereunder. The Founder Employment Agreements provided that Mssrs. Marsh and Russow, and another member of Loan Monkey management, Ashwin Dayal, would be hired by Orchard at the consummation of the merger and would receive base salaries and retention bonuses, as set forth in the Founder Employment Agreements.  The Founder Employment Agreements also imposed certain restrictions on Mssrs. Marsh, Dayal and Russow, including, *inter alia*, non-compete provisions.

12.    Mr. Dayal remains employed by Orchard.  Mr. Marsh no longer was employed by Orchard as of November 17, 2022; as of that date his $3.9 million retention bonus began accruing interest daily, under the same interest terms provided in the Merger Agreement.  On May 16, 2023, when the Notice and Demand Letter was sent to Orchard, Mr. Marsh was owed his $3.9 million

retention bonus and $224,368 in interest, which continues to accrue. Mr. Russow no longer was employed by Orchard as of September 1, 2022; as of that date, his $900,000 retention bonus began accruing interest daily under the same interest terms as Mr. Marsh's employment agreement. On May 16, 2023, when the Notice and Demand Letter was sent to Orchard, Mr. Russow was owed his $900,000 retention bonus and accrued interest, minus six monthly draws, for a total amount owed of $849,598. That amount continues accruing interest daily.

13. Lastly, the Notice and Demand Letter requested that Orchard confirm its intention to honor and to pay the $2 million "Second Deferred Cash Amount" under the Merger Agreement, which will be due July 19, 2023. On May 24, 2023, counsel for Orchard replied with a two-sentence email, stating that they had received the Notice and Demand Letter and that they "are working on a response." There has been no communication from Orchard or its counsel since that email.

**FIRST CAUSE OF ACTION:**
**<u>BREACH OF CONTRACT</u>**

14. SRS repeats and re-alleges each and every allegation in paragraphs 1 through 13, as if fully set forth herein.

15. The Merger Agreement is a valid and existing contract among, *inter alia*, the parties thereto.

16. SRS, solely in its capacity as representative, agent and attorney-in-fact of the Securityholders, has complied with all of its obligations under the Merger Agreement on behalf of the Securityholders.

17. As detailed above, Orchard has breached its contractual obligations to the Securityholders under the Merger Agreement: specifically, its obligation to pay cash consideration

4

owed the Securityholders, plus interest on that cash consideration as provided by the terms of Merger Agreement.

18.    As a direct result of Orchard's breaches of its contractual obligations under the Merger Agreement, the Securityholders have suffered millions of dollars in damages in the form of unpaid cash consideration and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, SRS respectfully requests that this Court issue judgment against Defendant Orchard:

1) Awarding the Securityholders monetary damages against Orchard, as set forth herein under the terms of the Merger Agreement, in an amount to be determined at trial;

2) Awarding the Securityholders pre-judgment and post-judgment interest, attorneys' fees and costs, as provided by Section 11.7(b) of the Merger Agreement, and disbursements;

3) Such other relief as the Court may deem just and proper.

Dated: New York, New York
       July 7, 2023

KATTEN MUCHIN ROSENMAN LLP

By: _____/s/ Nicholas J. Liotta_____
Nicholas J. Liotta
50 Rockefeller Plaza
New York, New York 10020
T: (212) 940-8800
F: (212) 940-8776
nicholas.liotta@katten.com

David J. Stagman (*pro hac vice* pending)
525 West Monroe St.
Chicago, Illinois 60661
T: (312) 902-5200
david.stagman@katten.com

*Counsel for Plaintiff Shareholder Representative Services LLC*

## VERIFICATION

I, Janelle Dixon, have read the foregoing COMPLAINT and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the information in Paragraphs 1-18 is true and correct.

Dated: July 7, 2023

_____
Janelle Dixon